DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction on a jury verdict for felony domestic violence issued by the Wood County Court of Common Pleas. For the reasons that follow, we affirm appellant's conviction and sentence.
 {¶ 2} Appellant, Larry D. Parson, and his wife, Kim, lived with appellant's mother in her North Baltimore, Ohio home. Accordingly to Kim Parson, on July 7, 2004, appellant accosted her in a laundromat near their home, demanding that she turn over money to him. Kim Parson testified that when she refused, appellant ordered her not to return home. Notwithstanding appellant's order, Kim Parson returned home, put the couple's child to bed and herself went to sleep.
 {¶ 3} According to Kim Parsons, near midnight appellant returned home. He had been drinking. Appellant awakened his wife and ordered her to configure the videotape player to show a pornographic tape. Kim Parsons testified that, after the tape began to play, appellant shoved her to the bed and began hitting her in the head. He then grabbed her hair with one hand, while punching her in the face with the other. He also bit her arm and repeatedly slammed her head into the wall. When appellant's mother came into the bedroom, Kim escaped, running across the street to a neighbor's house. The neighbor called North Baltimore police who responded within minutes.
 {¶ 4} Police found Kim Parsons bruised and disheveled. When police questioned appellant, he told them that Kim had "lost it and began to bang her head and face against the wall * * *."
 {¶ 5} Police arrested appellant. On July 21, 2004, a Wood County Grand Jury indicted him on a single count of domestic violence, a violation of R.C. 2919.25. The indictment specified two prior domestic violence convictions, making the offense a third degree felony, pursuant to R.C.2919.25(D)(4). Appellant pled not guilty and the matter proceeded to a trial before a jury.
 {¶ 6} At trial, the principal witness against appellant was Kim Parsons. Appellant's wife testified to the events of July 7. Police and neighbors also testified to the surrounding events. Appellant presented no defense. Following closing arguments and instructions, the jury retired, returning 90 minutes later with a guilty verdict. The trial court entered judgment on the verdict and sentenced appellant to a five year term of incarceration, the maximum available for a third degree felony.
 {¶ 7} From this judgment of conviction and sentence, appellant now brings this appeal. Appellant sets forth the following five assignments of error.
 {¶ 8} "I. The trial court erred in denying defendant-appellant's motion to continue trial.
 {¶ 9} "II. The defendant-appellant's conviction was against the manifest weight of the evidence.
 {¶ 10} "III. The trial court erred in imposing the maximum five year prison term upon the defendant-appellant in that it did not comply with the requirements of the Ohio Revised Code Section 2929.11 et seq.
 {¶ 11} "IV. The trial court erred when it failed to properly advise defendant-appellant of the reasons for the imposition of the maximum sentence of five years.
 {¶ 12} "V. The counsel's representation of defendant-appellant was so deficient as to deny him effective assistance as guaranteed by the constitutions of the United States and Ohio."
 I. Denial of Continuance. {¶ 13} Trial for this matter was set for September 28, 2004. On September 23, 2004, appellant, through counsel, moved to continue the trial date to an unspecified future time. As justification for this continuance, the motion stated: "In support, counsel has been ordered by the defendant to locate several witnesses material to the above cause. [A]dditional time [is required] to locate the above witnesses * * *." The state responded with a memorandum in opposition, noting that the trial date had been set since August 5, providing ample time to obtain any witnesses, considering that the only direct witnesses to the offense except appellant, were his wife and his mother. The trial court denied the motion.
 {¶ 14} On appeal, appellant asserts, the trial court abused its discretion in denying his motion for continuance.
 {¶ 15} The decision whether or not to grant a continuance resides in the sound discretion of the court. State v. Jordon, 101 Ohio St.3d 216,224, 2004-Ohio-783, at ¶ 45, and will not be disturbed absent an abuse of that discretion. State v. Jones, 91 Ohio St.3d 335, 342, 2001-Ohio-57. An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary and unreasonable, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157. Whether a denial of a continuance is so arbitrary as to violate due process is dependant on the specific circumstances presented, State v.Unger (1981), 67 Ohio St.2d 65, 67, "* * * particularly in the reasons presented to the trial judge at the time the request is denied." Id., quoting Unger v. Sarafite (1964), 376 U.S. 575, 589. Of specific interest is whether the motion states a legitimate purpose or if it is "dilatory, purposeful or contrived." Id.
 {¶ 16} In this matter, trial was set for Tuesday, September 28, 2004. On Thursday, September 23, 2004, appellant interposed motions to continue the case and to disqualify the prosecutor. At this point, subpoenas and a jury call had already been issued. Unquestionably, the rescheduling of the trial three business days before trial would have involved some degree of inconvenience for the court, the witnesses and the venire panel. Balanced against this is the single assertion that appellant had ordered defense counsel to find witnesses whom appellant apparently deemed material. Given this vagueness, we cannot say that the court acted arbitrarily or unreasonably in denying this motion. Accordingly, appellant's first assignment of error is not well-taken.
 II. Manifest Weight {¶ 17} In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v.Eley (1978), 56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
 {¶ 18} In this matter, appellant does not contend that there was insufficient evidence, only that the evidence presented against him was not credible; specifically, the testimony of his wife.
 {¶ 19} On the trial of a case, the weight to be given to the evidence and the credibility of witnesses are primarily for the trier of facts.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraph one of the syllabus. Appellant's wife testified that he grabbed her by the hair and beat her. Impartial witnesses saw her running from the house and testified to the bruises on her face and the bite marks on her body. Appellant's explanation was that his wife had "lost it" and began banging her own head against the wall.
 {¶ 20} We have carefully examined the entire record in this matter and find no suggestion that the jury lost its way or that appellant's conviction might be characterized as a manifest miscarriage of justice. Accordingly, appellant's second assignment of error is not well-taken.
 III. Sentencing {¶ 21} In his third and fourth assignments of error, appellant contends that the court's imposition of the maximum sentence upon him was inconsistent with the requirements of the sentencing statute.
 {¶ 22} R.C. 2929.11(A) articulates the purpose of felony sentencing in Ohio as: "* * * to protect the public from future crime by the offender and others and to punish the offender." The sentence imposed shall be reasonably calculated to achieve those purposes and be "commensurate with and not demeaning to the seriousness of the offender's conduct * * *." R.C. 2929.11(B)
 {¶ 23} R.C. 2929.12 enumerates a number of factors which the court should consider in determining whether an offense is more or less serious than the norm and whether an offender is more or less likely to repeat criminal behavior.
 {¶ 24} In his third assignment of error, appellant argues that the sentencing court's silence as to the specific R.C. 2929.11 considerations indicates that the court did not consider them as required. This argument fails for two reasons: first, there is no statutory requirement that the court employ magic words or, for that matter, any words related to R.C. 2992.11 or R.C. 2929.12. State v. Arnette, 88 Ohio St.3d 208, 215,2000-Ohio-302. Our review goes to whether, within a broad range, the sentence accomplishes the statutory purposes, not whether a formulaic statement is made. Compare State v. Comer, 99 Ohio St.3d 463, 465,2003-Ohio-4165 at ¶ 20-21. Secondly, the record shows that the court did, indeed, make reference to having considered the R.C. 2929.11
purposes by reciting parts of the statute, nearly verbatim.
 {¶ 25} Appellant makes much the same argument with respect to the R.C. 2929.12 seriousness and recidivism factors, but adds that one of the court's seriousness factor findings is unsupported in the evidence and that some run afoul of Blakely v. Washington (2004) 542 U.S. 296.
 {¶ 26} With respect to Blakely, this court has held that the case does not apply to Ohio's sentencing statute. State v. Curlis, 6th Dist. No. WD-04-032, 2005-Ohio-1217, at ¶ 18-20.
 {¶ 27} The unsupported seriousness factor appellant references was that the victim's physical or mental injury was "exacerbated because of her mental condition." Candidly, we are not certain of the court's basis for this finding. Given the remainder of the court's findings, however, even if this finding is without support, the error is harmless beyond a reasonable doubt. Crim.R. 52(A).
 {¶ 28} In his fourth assignment of error, appellant insists that the sentencing court's findings were insufficient to justify the imposition of a maximum sentence.
 {¶ 29} R.C. 2929.14(C) provides that a court may impose the maximum sentence on an offender only if it finds that the offender committed the worst form of the offense or he or she poses the greatest likelihood of committing future crimes. If such a term is imposed, the court must state its reasons for doing so. R.C. 2929.19(B)(2)(d); State v. Edmonson
(1999), 86 Ohio St.3d 324, 328.
 {¶ 30} In this matter, the court found that appellant poses the greatest likelihood of committing future crimes. Antecedent to this finding, the court stated: "In reviewing the recidivism factors, the court will review the criminal records as reflected by the PSIs: 1982, open container in North Baltimore; in 1983, receiving stolen property, a misdemeanor level of the Bowling Green Municipal Court; a 1984 breaking and entering which resulted in a prison term; in 1985, burglary which also resulted in a prison term; a 1989 misdemeanor assault; 1989, unlawful restraint; 1992, disorderly conduct; 1993, disorderly conduct; a 1993 two counts of domestic violence and one of witness intimidation; 1993, public intoxication; 1995 domestic violence; 1995, assault; 1995, vandalism, resulted in a prison term; a 1997 assault; a 1997 disorderly conduct; a 1997 telephone harassment and unauthorized use of a vehicle; a 1998 telephone harassment and menacing by stalking; a 1999 domestic violence and assault which resulted in a prison term; 2001, menacing by stalking which resulted in a prison term. Therefore the court will note the prior history of criminal convictions. * * * [B]ased upon Mr. Parsons['] prior criminal records, the court finds that Mr. Parsons poses the greatest likelihood of committing future crime."
 {¶ 31} This recitation of appellant's lengthy record of prior convictions for violence and domestic violence is a sufficient statement of reason to satisfy R.C. 2929.19(B)(2)(d) and supports the finding itself. Accordingly, appellant's third and fourth assignments of error are not well-taken.
 IV. Ineffective Assistance of Counsel {¶ 32} In his remaining assignment of error, appellant contends that his trial counsel provided ineffective assistance of counsel.
 {¶ 33} "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction * * * has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. * * * Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable."Strickland v. Washington (1984), 466 U.S. 668, 687. Accord, State v.Smith (1985), 17 Ohio St.3d 98, 100.
 {¶ 34} Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v.Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See Id. at 694. See, also, State v. Lott (1990),51 Ohio St.3d 160, for Ohio's adoption of the Strickland test.
 {¶ 35} The basis of appellant's assertion of ineffective counsel is that his trial counsel omitted the presentation of additional evidence of prosecutorial bias during a hearing on appellant's motion to disqualify the prosecutor. There is nothing in the record to suggest that, had additional evidence been presented at the disqualification hearing, the result would have been different. Moreover, there is nothing in the record to suggest that, had the prosecutor been disqualified, the outcome of the trial would have been different. Accordingly, appellant's fifth assignment of error is not well-taken.
 {¶ 36} On consideration whereof, judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J. Concur.