[Cite as *State v. Blankenship*, 2011-Ohio-2984.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-118 |
| CHARLES BLANKENSHIP | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County
Municipal Court, Case No.10CRB01952


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      June 16, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

TRICIA M. MOORE      LEE D. HECKMAN
Assistant Law Director      36 North Second Street
40 West Main Street      Box 919
Newark, OH 43055      Newark, OH 43058-0919

*Gwin, P.J.*

{¶1}   On September 1, 2010, a complaint was filed charging appellant, Charles Blankenship with assault, a misdemeanor in the first degree, in violation of R.C. 2903.13. Said charge arose from an incident wherein appellant punched Jeff Johnson several times.  A jury trial was held in the matter on October 18, 2010.

STATEMENT OF THE FACTS AND CASE

{¶2}   The relationship between appellant and Jeff Johnson had been contentious for some time due to a business transaction that went bad, resulting in five years of civil litigation. On August 13, 2010, appellant attended an event held at the National Trail Raceway in Licking County, Ohio.  Also in attendance that day was Jeff Johnson.

{¶3}   As a result of the civil litigation, a jury awarded money to appellant and money to Mr. Johnson. The net result of the litigation, however, was an award in Mr. Johnson's favor.  After that judgment was rendered, on August 12, 2010, appellant filed for bankruptcy and sought to discharge the debt he owed to Mr. Johnson.

{¶4}   Upon seeing appellant at the racetrack, Mr. Johnson asked appellant if he had brought him his money. An argument ensued. Mr. Johnson testified at trial that after "banter back and forth," appellant punched him several times. Mr. Johnson's testimony recounted that he suffered several injuries as a result of the altercation with appellant. Mr. Johnson's and appellant's versions of the events differed significantly.

{¶5}   Licking County Sheriff's Detective Greg Collins testified that he took statements from Jeff Johnson and appellant. Additionally, Detective Collins testified that he did not arrest appellant that day.  Detective Collins further testified that he did

interview other witnesses in the area, and that he "believe[d] two of them were from out of state."

{¶6} Nearly three weeks after this incident, a charge of misdemeanor assault was filed against appellant. The pre-trial was set for Friday, October 15, 2010 at 2:30 p.m., and the jury trial was set for the following Monday morning, October 18, 2010 at 8:30 a.m.

{¶7} At the only pre-trial conference, Attorney Connors attempted to resolve the matter in appellant's favor. Throughout that extended period of civil litigation between appellant and Mr. Johnson, Attorney Connors has been appellant's attorney. When the effort to resolve the matter at the pre-trial conference failed, Attorney Connors made an oral motion to continue the jury trial. This motion was denied by the trial court.

{¶8} On the date scheduled for the jury trial to begin, Attorney Connors filed a Motion to Withdraw. Attorney Connors' Motion to Withdraw asserted that there were out of state witnesses who could testify on appellant's behalf. In denying the motion, the trial court stated that "had the Motion been filed a week or two ago I would have certainly have granted it, but we don't ... generally grant continuances on the eve of trial especially when 27 jurors have been brought in." (T. at 8). Appellant explained that he had been looking to replace Attorney Connors with an attorney more experienced in handling criminal cases. The trial court denied the motion and the case proceeded to trial.

{¶9} Appellant was found guilty by the jury of assault. The trial court sentenced appellant to ninety days in jail and fined him $500.00 and court costs. The trial court suspended forty-five of the jail days.

{¶10} Appellant timely appealed raising as his sole assignment of error:

{¶11} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING APPELLANT A CONTINUANCE."

I.

{¶12} Appellant argues that the court erred in denying his motion to continue. We disagree.

{¶13} Ordinarily a reviewing court analyzes a denial of a continuance in terms of whether the court has abused its discretion. *Ungar v. Sarafite* (1964), 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921. If, however, the denial of a continuance is directly linked to the deprivation of a specific constitutional right, some courts analyze the denial in terms of whether there has been a denial of due process. *Bennett v. Scroggy* (6th Cir. 1986), 793 F.2d 772. A defendant has an absolute right to prepare an adequate defense under the Sixth Amendment of the United States Constitution and a right to due process under the Fifth and Fourteenth Amendments. *United States v. Crossley* (6th Cir. 2000), 224 F.3d 847, 854. The United States Supreme Court has recognized that the right to offer the testimony of witnesses and compel their attendance is constitutionally protected. *Washington v. Texas* (1967), 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019. The Ohio Supreme Court recognized that the right to present a witness to establish a defense is a fundamental element of due process of law. *Lakewood v. Papadelis* (1987), 32 Ohio St.3d 1, 4-5, 511 N.E.2d 1138. A trial court's failure to grant a continuance to enable a defendant to exercise his constitutionally protected right to offer the testimony of witnesses and compel their attendance may, in some circumstances, constitute a denial of due process. *Mackey v. Dutton* (6th Cir.

2000), 217 F.3d 399, 408; *Bennett v. Scroggy*, supra, 793 F.2d at 774. See also, *State v. Wheat*, Licking App. No. 2003-CA-00057, 2004-Ohio-2088 at ¶ 16.

{¶14} Among the factors to be considered by the court in determining whether the continuance was properly denied are: (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case, and (7) the complexity of the case. *Powell v. Collins* (6th Cir. 2003), 332 F.3d 376, 396; *State v. Unger* (1981), 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, 1080; *State v. Wheat*, supra at ¶ 17.

{¶15} On a petition for habeas corpus relief, the federal courts have enumerated a slightly different set of factors that a reviewing court should consider in determining whether an accused was deprived of his rights to compulsory process and due process of law by denial of a motion for continuance: "[1] the diligence of the defense in interviewing witnesses and procuring their testimony within a reasonable time, [2] the specificity with which the defense is able to describe their expected knowledge or testimony, [3] the degree to which such testimony is expected to be favorable to the accused and [4] the unique or cumulative nature of the testimony." *Hicks v. Wainwright* (5th Cir. 1981), 633 F.2d 1146, 1149 (quoting *United States v. Uptain* [5th Cir. 1976], 531 F.2d 1281, 1287); see, also, *Bennett v. Scroggy*, supra, 793 F.2d at 774; *State v. Wheat,* supra at ¶ 18.

{¶16} In *Wheat*, supra, the appellant argued that the trial court erred when it failed to continue his trial to secure witnesses he had subpoenaed. This court found no abuse of discretion because the request for a continuance did not demonstrate the amount of time necessary to secure the attendance of the witnesses, or the nature of their testimony. 2004-Ohio-2088 at ¶ 21. Citing *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, we held that because defense counsel failed to proffer what the desired testimony of the absent witnesses would have been and how it was relevant to the defense, we could not find prejudice from the denial of the motion to continue. Id. at ¶ 22-24, 542 N.E.2d 636.

{¶17} "When the reason for a continuance is to secure the attendance of a witness, 'it is incumbent upon the moving party to show that such witnesses would have given substantial favorable evidence and that they were available and willing to testify.'" *State v. Komadina*, 9th Dist. No. 02CA008104, 2003-Ohio-1800, ¶ 32, quoting *State v. Mills*, 5th Dist. No. 01-COA-01444, 2002-Ohio-5556. Because appellant's counsel did not make a timely proffer of any anticipated testimony, the trial court could not have known how or why said testimony was vital to appellant's defense when it denied the continuance. *State v. Snowden* (1976), 49 Ohio App.2d 7, 17, 359 N.E.2d 87 (not an abuse of discretion to deny continuance due to absence of purportedly "critical defense witness" where no proffer made of witness' anticipated testimony at the time of decision).

{¶18} The court scheduled the October 18, 2010 trial date by Judgment Entry filed September 13, 2010. Appellant was provided with the state's witness list as well as Detective Collins' report September 24, 2010. Counsel had twenty-one days to

locate and talk to any witness, yet at the time of the request for the continuance, there was no showing of what efforts, if any, had been made to locate any of these witnesses. See, *State v. Sowders* (1983), 4 Ohio St.3d 143, 145, 447 N.E.2d 118, 121. No explanation was given as to why appellant could not have subpoenaed or secured the attendance of any witness. No proffer of any anticipated testimony was made for the trial court to weigh in determining whether appellant's rights would be jeopardized if the continuance were not granted.

{¶19} In the case at bar, no reason was given for waiting until the day before trial to orally request a continuance and the day of trial to file the written motion. At this point, subpoenas and a jury call had already been issued. Unquestionably, the rescheduling of the trial at this point would have involved some degree of inconvenience for the court, the witnesses and the venire panel. *State v. Parsons*, Wood App. No. WD-04-073, 2005-Ohio-5885 at ¶ 16.

{¶20} The evidence was uncomplicated and straightforward. Appellant has not demonstrated prejudice from the court's denial of his motion to continue, and the court did not abuse its discretion in overruling the motion.

{¶21} Appellant's sole Assignment of Error is overruled.

**{¶22}** For the foregoing reasons, the judgment of the Licking County Municipal Court. Licking County, Ohio is affirmed.

By Gwin, P.J.

Hoffman, J., and

Edwards, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS

WSG:clw 0527

[Cite as *State v. Blankenship*, 2011-Ohio-2984.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CHARLES BLANKENSHIP | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 2010-CA-118 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court. Licking County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JULIE A. EDWARDS