[Cite as *State v. Perez*, 2018-Ohio-1956.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-017

    Appellee                                  Trial Court No. 2016CR0492

v.

Jesse Perez                                      **DECISION AND JUDGMENT**

    Appellant                                 Decided:  May 18, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Jesse Perez, appeals the March 3, 2017 judgment of the Wood County Court of Common Pleas, in which he was sentenced to eight years incarceration for felonious assault in violation of R.C. 2903.11(A)(1), (D)(1)(a), a felony of the second degree.  Finding no error, we affirm.

## Assignments of Error

**{¶ 2}** Appellant sets forth the following assignments of error:

I. The trial court abused its discretion and erred to the prejudice of Appellant by denying his pro se motion to continue his trial date.

II. The trial court erred in denying Appellant's Criminal Rule 29 Motion.

III. Appellant's sentence should be vacated due to the trial court's failure to comply with R.C. 2929.11 and 2929.12.

IV. The trial court's verdict convicting Appellant of felonious assault was against the manifest weight of the evidence presented at trial.

## Background

**{¶ 3}** During visitation hours at an Ohio correctional facility, appellant and another inmate (the victim) got into an altercation. Appellant's two children and their mother were visiting appellant; and the victim's mother was visiting the victim. Both inmates were behind a barrier, which separates visitors from inmates.

**{¶ 4}** Appellant's children, both toddlers at that time, got restless and began causing noise and commotion. The victim and his mother commented regarding the children's behavior. Appellant got offended. The victim stated something to the effect of, "fuck your kids." Appellant claimed he was provoked to respond and engage the victim.

2.

{¶ 5} Appellant eventually pummeled the victim, striking him over a dozen times. The victim was knocked unconscious, had a seizure, and suffered brain injury caused by the blunt force trauma. Medical personnel administered emergency treatment to the victim at the correctional facility. The victim was taken to the hospital and treated for his serious injuries. The events were captured on video.

{¶ 6} An indictment for felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, was filed against appellant on October 6, 2016.

{¶ 7} Counsel was appointed and, on October 20, 2016, appellant pled not guilty to the felonious assault. A request for discovery was filed by appellant's counsel on October 24, 2016, to which appellee responded four days later.

{¶ 8} Appellant moved the court to proceed pro se, and the court eventually granted the request. Appointed counsel remained on the case as advisory counsel only. A final pretrial conference was held on February 13, 2017, and the trial date of March 2, 2017, was confirmed.

{¶ 9} At trial, but before opening statements, appellant moved for a continuance. The trial court denied the motion and trial commenced as scheduled.

{¶ 10} The jury viewed the video evidence and heard testimony from appellant, the mother of appellant's children, the victim, doctors, EMT staff, correctional facility staff, hospital and corrections record custodians, a random lay witness, and the victim's mother. The jury found appellant guilty of knowingly causing the victim's serious

3.

injuries.  The trial court proceeded to sentence appellant to eight years incarceration, and the judgment was journalized March 3, 2017.  Appellant timely appeals.

**Felonious Assault**

{¶ 11} R.C. 2903.11(A)(1), in pertinent part, states:  "No person shall knowingly do either of the following:  (1) Cause serious physical harm to another or to another's unborn."

**Assignment of Error No. I**

{¶ 12} Appellant argues the trial court erred in denying his motion for continuance.  Appellee contends the trial court did err in denying the continuance.

{¶ 13} The decision whether to grant a continuance resides in the sound discretion of the trial court, and it will not be disturbed absent an abuse of that discretion.  *State v. Parsons*, 6th Dist. Wood No. WD-04-073, 2005-Ohio-5885, ¶ 15.  "An abuse of discretion is more than a mistake of law or an error of judgment, the term connotes that the court's attitude is arbitrary and unreasonable, or unconscionable."  (Inner citations omitted.)  *Id.*

{¶ 14} Whether a denial of a continuance is so arbitrary as to violate due process is dependent on the circumstances presented and, in particular, the reasons presented to the trial judge at the time the request is denied.  *Id.*  "Of specific interest is whether the motion states a legitimate purpose or if it is 'dilatory, purposeful or contrived.'"  *Id.*, citing and quoting *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981); *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶ 15} Here, we find appellant moved to continue the trial immediately before opening statements on March 2, 2017, claiming he needed time to review the victim's medical documents. However, the evidence used to convict appellant had been disclosed long before his motion. Specifically, it had been disclosed to appellant's counsel as of October 2016, and the trial transcript and a February 24, 2017 judgment entry of the trial court reflects appellant was given additional time by the Wood County Sheriff deputies to review discovery and prepare for trial.

{¶ 16} During discussion relating to the motion, the trial court denied the continuance and ultimately explained its decision as follows:

> THE COURT: Mr. Perez, again, the situation that you claim to find yourself in right now is the result of, A, your administrative segregation caused by your alleged assault of another inmate in the Justice Center; and, B, your decision to represent yourself, against the advice of the Court; and C, your actions again in giving away the disk to someone else. So creating that situation, I don't feel that you now should have the benefit of it and have a trial continued that this Court has set a long time ago.

{¶ 17} Based on our review of the relevant portions of the trial transcript, and the trial court's reasons for denying the continuance, we find no abuse of discretion. We note subpoenas had already been issued when appellant requested the continuance, and rescheduling on the day of trial would have involved a high degree of inconvenience for the court and witnesses. *See*, *e.g.*, *Parsons* at ¶ 16 (stating "the rescheduling of the trial

5.

three business days before trial would have involved some degree of inconvenience for the court, the witnesses and the venire panel.").

{¶ 18} Accordingly, we find no merit in appellant's first assignment of error and find it not well-taken.

**Assignment of Error No. II**

{¶ 19} Appellant next argues the trial court erred in denying his Crim.R. 29 motion because the conviction is not supported by sufficient evidence. Appellee contends there is sufficient evidence to support the conviction.

{¶ 20} Crim.R. 29 motions for acquittal are reviewed under the same standard as a sufficiency of the evidence claim. *State v. Hollstein*, 6th Dist. Lucas No. L-08-1184, 2009-Ohio-4771, ¶ 28. Whether there is sufficient evidence to support a conviction is a question of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing a challenge to the sufficiency of evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier-of-fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Internal citations omitted.) *State v. Smith*, 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997). In making that determination, appellate courts will not weigh evidence or assess credibility of the witnesses. *State v. Walker*, 55 Ohio St.2d 208, 212, 378 N.E.2d 1049 (1978).

{¶ 21} Here, we deem the evidence sufficient to show appellant knowingly caused serious physical harm to the victim. *See* R.C. 2903.11(A)(1). Specifically, in viewing

6.

the evidence favorably to the prosecution, it is reasonable to conclude appellant attacked and battered the victim during visitation hours. The record, including the testimony and video evidence, reflects appellant (without provocation) struck the victim over 12 times, and that the attack caused the victim to lay unconscious, seizure, and suffer traumatic brain injury. Although appellant argues he was provoked and did not knowingly cause the serious injuries, we find the evidence sufficiently shows otherwise. *See State v. Shane*, 63 Ohio St.3d 630, 635-637, 590 N.E.2d 272 (1992) (stating words alone usually do not constitute sufficient provocation to mitigate or justify a crime).

{¶ 22} At trial, the trial court addressed and disposed of appellant's Crim.R. 29 motion in open court, stating as follows:

> With respect to the Defendant's Rule 29 motion, it is incumbent on the Court to look at the evidence at this juncture in the light most favorable to the nonmoving party, which would mean the prosecution.
>
> The Court does find there's ample evidence at this juncture to overrule the motion and allow the case to proceed on the facts.

{¶ 23} Based on our review of the record, we cannot say the trial court erred in its determination. Further, we find the victim's alleged, fighting words could not have amounted to sufficient provocation for purposes of mitigating the serious injuries caused by appellant's brutal attack. Accordingly, the evidence is sufficient to support that appellant committed felonious assault. This assigned error is not well-taken.

7.

## Assignment of Error No. III

**{¶ 24}** Appellant then asserts the trial court erred in failing to comply with R.C. 2929.11 and 2929.12 when imposing sentence on him. Appellee contends the court complied with the sentencing criteria under R.C. 2929.11 and 2929.12.

**{¶ 25}** R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 10. A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *Craig*.

**{¶ 26}** R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v.*

8.

*Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id.*

{¶ 27} A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria under R.C. 2929.11 and 2929.12. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶ 28} In this case, at the March 3, 2017 sentencing hearing and in the entry the trial court imposed the maximum prison term and explained the reasons for the eight-year sentence. Specifically, at the hearing the trial court stated:

> THE COURT: Well, the Court, in considering the overriding purposes of felony sentencing, to punish the offender and protect the public from future crimes by the offender and others, considers the need for incapacitation, deterrence, rehabilitation, and restitution and has to find a sentence that's commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim and consistent with sentences for similar crimes by similar offenders. * * *

> The Court does find that the victim suffered serious physical harm as a result of the Defendant's actions, that recidivism is more likely because this was committed while the Defendant was under a sanction from a court,

9.

the Defendant's history of criminal convictions, including a prior felonious assault conviction, the fact that the Defendant has not responded favorably to prior sanctions imposed by courts and lack of— what appears to be a lack of any genuine remorse for the offense, as outlined by his snickering when the mother of the victim indicated that he could not sit up without falling over as a result of the injuries placed upon him by the Defendant.

So based upon all that and for the offense * * * the Court would find that the Defendant has committed the worst form of the offense, which could have easily resulted in the death of [the victim]. * * * Therefore, at this time, the Court would impose a sentence of eight years[.]

{¶ 29} In the March 3, 2017 sentencing entry, it similarly reflects the court's findings under R.C. 2929.11 and 2929.12, as follows:

In determining the sentence, the presentence report, the record, all oral and written statements, the purpose and principles of sentencing as well as the seriousness and recidivism factors were carefully reviewed.

This Court finds that the purposes and principles of felony sentencing are to protect the public from further crimes and to punish the offender and to consider the need for incapacitation, deterrence, rehabilitation and restitution.  The sentence must be commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim. * * *

Further this Court finds that the victim suffered serious physical harm. Further, the Defendant was under a court sanction at the time of the offense and has a history of criminal convictions. The defendant has not responded favorably to sanctions previously imposed. Further, Defendant shows no genuine remorse and he has committed the worst form of the offense.

{¶ 30} Consequently, we hold that the trial court's determinations under R.C. 2929.11 and 2929.12 are supported by the record, and we cannot say the court failed to consider the relevant sentencing criteria. Appellant's third assigned error is not well-taken.

## Assignment of Error No. IV

{¶ 31} Appellant lastly argues his conviction is against the manifest weight of the evidence. Appellee contends the conviction is amply supported by competent, credible evidence.

{¶ 32} We are to determine whether the greater amount of credible evidence supports the conviction. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12. This court as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Leech*, 6th Dist. Lucas No.

11.

L-13-1156, 2015-Ohio-76, ¶ 32, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 33} Here, appellant argues the manifest weight of the evidence is against the conviction because his actions were not made knowingly. Specifically, appellant asserts he had no prior issue with the victim, and that the victim's comments in the visitation room caused him to snap and, in a sudden rage, attack and pummel the victim. The video evidence and testimony in the record, however, support otherwise. We find this evidence to be competent and credible. Accordingly, this is not the exceptional case in which the evidence weighs heavily against the conviction, and appellant's fourth assigned error is found not well-taken.

**Conclusion**

{¶ 34} For the foregoing reasons, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                          _____
                                                                    JUDGE
Arlene Singer, J.

Christine E. Mayle, P.J.                          _____
CONCUR.                                                         JUDGE

                                                                  _____
                                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.